# GEORGE BROOKMAN v. CHICAGO GREAT WESTERN RAILROAD COMPANY.[1]

January 5, 1912.

Nos. 17,362—(172).

**Injury to servant — questions for jury — damages.**

In this, a personal injury action, it is *held:*

1. Whether defendant was guilty of negligence, and whether plaintiff was guilty of contributory negligence or assumed the risk, were questions of fact, and the evidence sustains the verdict.

2. The damages are not excessive.

3. There was no error in the rulings on the trial or in the charge.

Action in the district court for Mower county to recover $20,000 for personal injuries. The facts are narrated in the opinion. The answer denied that there was any negligence in the manner in which the rail was thrown or rolled from the car in question by defendant's

[1] Reported in 133 N. W. 969.

employees; that the fall of one end of the rail before the other end fell from the car was caused by any negligence upon its part and that the rail was thrown from the car without signal, order or direction being given to the men engaged therein; that it negligently omitted to give proper orders for the handling of the rails; alleged that plaintiff was a man of mature years, of average intelligence, and an experienced brakeman and had had large experience in work of the precise character of that in which he was engaged; that the conditions under which the accident occurred were known and appreciated by him and that he assumed the risks, and that his negligence directly caused or contributed to his injuries. The reply was a general denial.

The case was tried before Kingsley, J., who at the close of the case denied defendant's motion to direct a verdict in its favor, and a jury which returned a verdict in favor of plaintiff for $11,916. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial provided plaintiff consent to a reduction of the verdict to $8,000, it appealed. Affirmed.

*French & Sasse* and *Briggs, Thygeson, Loomis & Everall,* for appellant.

*Dunn & Carlson* and *Catherwood & Nicholsen,* for respondent.

BUNN, J.

Plaintiff was a brakeman on a work train of defendant that was engaged in unloading steel rails along defendant's track between Varco and Lyle, in Mower county. The train consisted of a caboose and eleven cars, and was being pushed by the engine. Ten of the cars were flat cars loaded with steel rails; the fourth car from the engine was a gondola car loaded with switch points, frogs, and guard rails. The rails were unloaded by a gang of seventy-five men, who unloaded three cars at a time as the train moved slowly forward; there were usually twenty men on each car, ten to each side, and the unloading was done with shovels. It was plaintiff's duty as brakeman to watch the work and give signals to the engineer as to the movements of the train. He stationed himself near the end of the third car from the engine in a clear space of about

eight feet between the ends of the rails and the end of the car, and gave his signals from this position.

On the occasion of the accident, the men on the south end of the car shoved their end of a rail from the center to the edge of the car and pushed it over the edge, before the men at the north end started to shove their end over. The result was that the south end stuck in the ground, and through the motion of the train the rail caught on an iron socket on the side of the car; the north end was raised in the air, and struck plaintiff, breaking both bones of his leg between the knee and ankle.

This action was brought to recover for the injuries sustained. The trial resulted in a verdict of $11,916 in favor of plaintiff. Defendant moved in the alternative for judgment notwithstanding the verdict, or for a new trial. The motion for judgment was denied, and the motion for a new trial granted on condition that if plaintiff consented to a reduction of the verdict to $8,000 the motion be denied. Plaintiff filed his consent to the reduction, and defendant appealed from the order.

It is contended by defendant on this appeal (1) that no negligence was shown; (2) that the evidence conclusively shows contributory negligence; (3) that plaintiff assumed the risk; (4) that the damages are excessive; (5) that there were errors in the rulings on the trial and in the charge which were prejudicial to defendant.

1. The negligence which was submitted to the jury as the basis of defendant's liability consisted in the manner in which the men removed this rail from the car. The evidence is practically uncontradicted that the south end of the rail was pushed over the side of the car before the other end was ready to be pushed over, and that there was no signal, and no concerted action between the men handling the two ends looking to pushing both ends from the car at the same time. That the method adopted was dangerous there can be no doubt, and we have no hesitation in saying that the evidence supports the verdict to the effect that these men were negligent.

2. Whether plaintiff was negligent was on the evidence a question of fact, and, in our opinion, the evidence supports the finding by the jury that he was not. It is urged that plaintiff was standing

in a dangerous position, but his work required him to be either on this car, on the gondola car, or on the ground; the gondola car was not a safe place, because of the material with which it was loaded, while a position on the ground, walking along with the moving train while the rails were being pushed from the cars, would not seem a much safer place than the one he took. His danger in standing on the car that was being unloaded was no greater than the danger of the men whose work compelled them to be on that car, and, indeed, the only danger to be apprehended was from the negligence of the men who were handling the rails.

Plaintiff was only obliged to use ordinary care, and was not, as a matter of law, bound to take the safest position of several open to him, all involving more or less danger. It appeared that a rail had behaved in a similar manner from the same cause earlier in the day, but the men were "jacked up" about this, and we cannot say that plaintiff was bound to anticipate that the incident would be repeated. Such an accident was not a necessary or even probable occurrence, and could hardly happen in the absence of negligence.

It is also urged that plaintiff was careless for his safety in his conduct after he saw the end of the rail pushed off; but it is clear that the entire occurrence occupied only an instant of time, and plaintiff cannot be held responsible for his failure to do the safest thing in the emergency. Whether plaintiff acted as a man of ordinary prudence would have acted under similar circumstances, both in taking the position he was in and in his conduct afterwards, was a question of fact for the jury, and the evidence is clearly sufficient, in our judgment, to sustain the verdict on this point.

3. The question of assumption of risk is practically disposed of by what has been said as to contributory negligence. At most, it was not a question of law for the court, but one of fact for the jury. Plaintiff is not to be charged with knowledge that the men would be negligent, and that was the risk that we are asked to hold he assumed. Of course, plaintiff did not assume the risk of injury from the negligence of his fellow servants.

4. Are the damages as reduced by the trial court excessive? The accident happened October 3, 1910. Plaintiff's right leg was broken

between the knee and the ankle; there were two breaks in the small bone and three breaks in the large bone; the broken pieces of bone broke through the flesh. The surgeons of the company dressed the wound and put on a temporary splint on the day of the accident. On the next day an examination was made, and a few days later, in an operation lasting an hour, the fragments were put into place as nearly as possible, and a plaster cast put on. Less than a week later, an examination with the X-ray showed that the bones were as badly out of place as they were before the cast was put on, and in another operation the broken fragments of the small bone were wired together, and an iron plate screwed down on the large bone to hold the broken ends in position. A rigid iron splint was applied to the leg and worn for ten days, when a plaster cast took its place. There was another operation on December 13, the nature of which was in dispute.

There was a conflict of the evidence as to the conditions at and shortly prior to the time of the trial, but it was admitted that pus was exuding from fistulas, and that the limb was in a state of inflammation. Plaintiff's experts testified that there had been no union of the large bone; that the running fistulas indicated a septic condition and the presence of dead bone in the fracture; that further operations were necessary in order to remove the plate and any loose or dead bone found; and that it was about an even chance whether a union would result. Defendant's experts were of the opinion that union was taking place, and that the result would be a limb that would not need to be supported by appliances or crutches. Whether an amputation or the use of mechanical appliances would be necessary was therefore a disputed question, and the jury was warranted in believing plaintiff's experts. It is probably true, however, that their testimony leaves the matter of the result somewhat in the realm of speculation.

But there was no reasonable doubt that plaintiff would never recover much use of the leg in any event; even if there was a union, the limb would always be stiff, and plaintiff's career in the line his training and experience fitted him for was at an end. Considering his probable expectancy of life, earning capacity before the accident

and after it, the suffering he had undergone and that he must un-dergo before recovery, and the deformity, we feel that we are not warranted in setting aside or further reducing the verdict.

This court is not the jury or the trial court. It is not our province to fix the damages, or to say that a verdict is excessive, because it is larger than we would have awarded. The question before this court is whether the action of the trial court in refusing to disturb a verdict is sustained by the evidence, applying the rules that are so familiar. The verdict here is a large one, even as reduced and the case was tried too soon after the accident to be able to determine with any degree of certainty the final result; but we have reached the conclusion that the amount of the verdict as. rendered does not necessarily indicate passion or prejudice, and that the action of the trial court must be sustained.

5. It is contended that it was error to receive in evidence X-ray photographs, and to permit the jury to take them into the jury room. These photographs were properly received, and we see no merit in the contention. Of the instructions to the jury that defendant claims are erroneous, it is sufficient to say that we find no error in any of them.

Order affirmed.